NOT FOR PUBLICATION

                                    UNITED STATES DISTRICT COURT
                                       DISTRICT OF NEW JERSEY


JAMES REDDING, JR. and            :
TRACI PARNELL-REDDING, wife,
                                  :
          Plaintiffs,
                                  :   Civil Action No. 04-1971(JWB)
     v.
                                  :        **O P I N I O N**
OWENS CORNING, JOHN DOES 1
through 10, JANE DOES 1           :
through 10, ABC COMPANIES 1
through 100, XYZ PARTNERSHIPS :
1 through 100 (being fictitious
parties),                         :

          Defendants.             :


**APPEARANCES**:

     LABADY & RANDOLPH
     By:  Jean-Claude G. Labady, Esquire
     85 Chestnut Ridge Road, Suite 118
     Montvale, New Jersey  08873
     (Attorneys for Plaintiffs
     James Redding, Jr. and
     Traci Parnell-Redding)

     JACOB & MILLS
     By:  David E. Strand, Esquire
     Corporate Park III
     580 Howard Avenue
     Somerset, New Jersey  08873
     (Attorneys for Defendant
     Owens Corning)

**BISSELL**, Chief Judge

     This matter comes before the Court on defendant Owens

Corning's motion for summary judgment pursuant to Fed. R. Civ. P.

56.  In their response to the summary judgment motion, the plaintiffs filed a cross-motion to extend discovery.

## **PROCEDURAL HISTORY**

James Redding, Jr. ("plaintiff Redding") and his wife, Traci Parnell-Redding ("plaintiff Parnell-Redding"), filed a Complaint (the "Complaint") in the Superior Court of New Jersey, Law Division, on February 20, 2004.  The Complaint alleges discriminatory employment practices, infliction of emotional distress, defamation and a loss of consortium claim against plaintiff's employer Owens Corning (the "defendant") and fictitious defendants.  The Complaint was properly removed to this Court.  The Court has diversity jurisdiction here as plaintiffs are New Jersey citizens and defendant, incorporated in Delaware, maintains its principal place of business in Ohio.  The amount in controversy requirement is met.  (See Notice of Removal, ¶ 8).

On July 7, 2004, this Court issued an Opinion and Order dismissing the defamation claims (Counts Three and Four of the Complaint).  See Redding v. Owens Corning, Civil 04-1971(JWB) (Opinion and Order, July 7, 2004).  On April 11, 2005, defendant Owens Corning filed the instant motion for summary judgment on the remaining Counts:  One, Two and Five.  Thereafter, on June 14, 2005, plaintiffs filed their cross-motion to extend discovery.

**FACTS**

The Court will rely upon the facts as set forth in the July 7, 2004 Opinion. See Redding v. Owens Corning, Civil 04-1971(JWB) (Opinion, July 7, 2004).

**DISCUSSION**

**I.   Standard for Summary Judgment Motion Pursuant to Rule 56**

Federal Rule of Civil Procedure 56(c) provides that summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Anderson v. Liberty Lobby, Inc.,477 U.S. 242, 248 (1986); Kreschollek v. Southern Stevedoring Co., 223 F.3d 202, 204 (3d Cir. 2000). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. See Boyle v. Allegheny Pennsylvania, 139 F.3d 386, 393 (3d Cir. 1998). The moving party bears the burden of establishing that no genuine issue of material fact remains. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

The Supreme Court has stated that in evaluating a defendant's motion for summary judgment:

> [t]he judge must ask ... not whether ... the evidence unmistakably favors one side or the

>other but whether a fair-minded jury could
>return a verdict for the plaintiff on the
>evidence presented.  The mere existence of a
>scintilla of evidence in support of the
>plaintiff's position will be insufficient;
>there must be evidence on which the jury
>could reasonably find for the plaintiff.  The
>judge's inquiry, therefore, unavoidably asks
>whether reasonable jurors could find by a
>preponderance of the evidence that the
>plaintiff is entitled to a verdict ....

Anderson, 477 U.S. at 252.  A fact is "material" only if it will affect the outcome of a lawsuit under the applicable law, and a dispute over a material fact is "genuine" if the evidence is such that a reasonable fact finder could return a verdict for the nonmoving party.  (See id.)

Only evidence that would be admissible at trial may be used to test a summary judgment motion; evidence with a deficient foundation must be excluded from consideration.  See Blackburn v. United Parcel Service, Inc., 1999 WL 360546 (3d Cir. 1999).  In order to survive a motion for summary judgment, the non-moving party must present more than a mere scintilla of evidence in his favor.  (Id.)  The non-moving party "cannot simply reallege factually unsupported allegations contained in his pleadings." Anderson, 477 U.S. at 249; see also Clark v. Clabaugh, 20 F.3d 1290, 1294 (3d Cir. 1994).

**II.  Count One" NJLAD Claim**

    A.  Establishing a Claim for Wrongful Termination
        in Violation of the NJLAD

In the First Count of the Complaint, plaintiff Redding

-4-

alleges that in terminating him from the employ of Owens Corning, defendants unlawfully discriminated against him on the basis of race in violation of the New Jersey Law Against Discrimination ("NJLAD"). The same methodology used to prove claims of employment discrimination under Title VII of the Civil Rights Act applies to claims under the NJLAD. See Marzano v. Comp. Science Corp., 91 F.3d 497, 502 (3d Cir. 1996); Hyman v. Atlantic City Med. Ctr., 1998 WL 135249, *27 (D.N.J. Mar. 16, 1998). A plaintiff may present direct evidence of the prohibited discrimination, but if he cannot, he must demonstrate discrimination under the burden-shifting analysis set forth by the Supreme Court of the United States in McDonnell-Douglas Corp. v. Green, 411 U.S. 792 (1973).

In McDonnell-Douglas, the Court set the analytical framework for establishing a prima facie case of discrimination. A plaintiff must prove by a preponderance of the evidence that (1) he is a member of a protected class, (2) he performed his duties at a level that met his employer's reasonable expectations, or was qualified for the position, (3) he was discharged, and (4) the decision occurred under circumstances giving rise to an inference of discrimination. See Josey v. John R. Hollingsworth Corp., 996 F.2d 632 (3d Cir. 1993); Watkins v. Nabisco Biscuit Co., 224 F. Supp. 2d 852, 866 (D.N.J. 2002 (Greenaway, J.) (under

-5-

Title VII and the NJLAD[1]); McConnell v. State Farm Mut. Ins. Co., 61 F. Supp. 2d 356, 362 (D.N.J. 1999) (Walls, J.) (under the NJLAD).

Only if and after the plaintiff makes this showing does the "burden shift[] to the defendant to articulate some legitimate, nondiscriminatory reason for the employee's rejection .... Should the defendant carry this burden, the plaintiff must then prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." Watkins, 224 F. Supp. 2d at 861 (quoting Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 252-53 (1981)). The heavier burden of persuasion stays with the plaintiff who must show by a preponderance of the evidence "both that the [employer's proffered] reason [for termination] was false, and that discrimination was the real reason." St. Mary's Honor Center v. Hicks, 509 U.S. 502, 515 (1993); see also Clowes v. Terminix Intern., Inc., 109 N.J. 575, 595 (1988).

In the case at bar, the defendant contends that plaintiff Redding cannot make such a showing. Specifically, defendant argues that plaintiff Redding "was not performing his job at a level that was meeting Owens Corning's legitimate expectations

---

[1] In Baxter v. AT&T Communications, 712 F. Supp. 1166, 1172 n.2 (D.N.J. 1989) (Fisher, J.), this Court recognized that the New Jersey Supreme Court adopted the McDonnell-Douglas burden shifting analysis and applied it to NJLAD claims.

when the Company discharged him." (Defendant's Br. at 7).

To survive the defendant's summary judgment motion, plaintiff Redding "must point to some evidence, direct or circumstantial, from which a fact finder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994) (citing Hicks, 509 U.S. at 510-11). Plaintiff's evidence rebutting defendants' proffered legitimate reasons must "allow a fact finder reasonably to infer that each of the employer's proffered non-discriminatory reasons ... was either a post hoc fabrication or otherwise did not actually motivate the termination." Fuentes, 32 F.3d at 764.

    B.   The Plaintiff has not Established a Prima Facie Claim Under the NJLAD

In this case, defendant does not contest that plaintiff Redding is in a protected class and that his employment was terminated. (See Defendant's Br. at 7). Defendant, however, points to plaintiff Redding's "personnel file at Owens Corning [which] was rife with written warnings, internal memoranda, and other items documenting his continuing conduct issues in the workplace." (Id.) Defendant refers specifically to an instance where plaintiff Redding had "been counseled for verbally abusing

-7-

and using inappropriate language towards a female coworker." (Id. at 8).[2]  In response, plaintiff Redding submits to this Court that "he did not make any threat," and that he denies using "abusive language" against a coworker.  (See Plaintiffs' Br. at 18).

Based on the evidence presented by the defendant, the Court determines that plaintiff Redding could not establish at a trial that he was performing his duties at a level that met Owens Corning's reasonable expectations.  Defendant Owens Corning has submitted numerous exhibits supporting it's conclusion that plaintiff Redding was not performing his duties adequately.  (See, e.g., Barone Cert., Exh. B (co-worker complaint against plaintiff Redding), Exh. C (Personnel Action Form), Exh. D (Oct. 22, 2001 e:mail regarding incident with plaintiff Redding), Exh. E (Feb. 2, 2002 memorandum from Mr. Matech), Exh. F (Feb. 7, 2002 e:mail from Mr. Matech), Masselli Cert. at Exh. C (numerous e:mails from Steve Reuter dating from November 5, 1999 until June

---

[2] Defendant also relies on the argument that plaintiff Redding threatened his supervisor as evidence that he was not performing his job at an acceptable level.  (See id. at 8).  However, this alleged threat is unsubstantiated and the arbitrator who was chosen mutually by defendant and the plaintiff's Union found that there was insufficient evidence to prove that plaintiff Redding actually made the alleged threat. (See Masselli Cert., Exh. I at 10-11).  While this alleged threat is unpersuasive as to whether plaintiff established a prima facie case, this Court will consider the alleged threat in reference to the defendant's proffered legitimate nondiscriminatory reason in the subsequent section.

27, 2000), Exh. E (Personnel Action Form).  Defendant Owens Corning did not reasonably expect that its employee would verbally abuse or use inappropriate language with a co-worker. Neither would Owens Corning reasonably expect an employee to have numerous complaints against him for his abrasive and inappropriate behavior as well as multiple absences from work. For these reasons, plaintiff Redding has failed to establish a prima facie case for discrimination under the NJLAD.  The Court will continue the analysis, however, to address all pertinent issues.

>    C.   Assuming a Prima Facie Case Could be Established,
>         Plaintiff Still Cannot Survive
>         Defendant's Summary Judgment Motion

Where a plaintiff establishes a prima facie case for discrimination under the NJLAD, a presumption arises that the employer unlawfully discriminated against the employee.  See e.g., Bergen Commercial Bank v. Sisler, 157 N.J. 188, 210 (1999); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981).  To rebut the presumption, "the employer in the second stage of the process must come forward with admissible evidence of a legitimate, non-discriminatory reason for its rejection of the employee."  Sisler, 157 N.J. at 211.

The Superior Court of New Jersey, Appellate Division, has stated that courts "must not lose sight of the fact that an employer can legally discharge an employee without violating

employment discrimination statutes for good reason, bad reason, or no reason at all, as long as there is no intentional discrimination." Maiorino v. Schering-Plough Corp, 302 N.J. Super. 323, 345 (1997) (quoting Walker v. A T & T Technologies, 995 F.2d 846, 850 (8th Cir. 1993)).  Defendant Owens Corning carries only the burden of production, and not the burden of persuasion, to show a legitimate, nondiscriminatory reason for its action.  (See id at 347).  "It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff." Burdine, 450 U.S. at 254.  Moreover, Owens Corning does not need to show that its proffered reason was an actual motivator of its behavior because the burden of proving intentional discrimination always remains with the plaintiff employee. See Martinez v. National Broad. Co., 877 F. Supp. 219, 228 (D.N.J. 1994).

In the case at bar, Owens Corning has presented a legitimate nondiscriminatory reason for terminating plaintiff Redding.  At the time of his termination, defendant Owens Corning believed that plaintiff Redding had threatened his supervisor.  According to defendant, "plaintiff was discharged because he had made verbal threats against his supervisor in violation of [Owens Corning's] Non-Harassment Policy." (Defendant's Br. at 9). Defendant's proffered reason meets the necessary standard under Maiorino, 302 N.J. Super. at 345, and Martinez, 877 F. Supp. at

228 (stating that the employer does not need to show the reason was an "actual motivator" of the termination). Defendant Owens Corning has met its burden of presenting a legitimate nondiscriminatory reason for terminating plaintiff Redding based on the alleged threat made to his supervisor.

Where an employer produces evidence of a legitimate nondiscriminatory reason, the presumption of discrimination disappears. See Sisler, 157 N.J. at 211 (citing St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507-08 (1993)). In the third and final stage of the process the burden of production then shifts back to the employee, who has "the opportunity to prove by a preponderance of the evidence that the legitimate nondiscriminatory reason articulated by the defendant was not the true reason for the employment decision but was merely a pretext for discrimination." (Id., quoting Andersen v. Exxon Co., USA, 89 N.J. 483, 493 (1982)).

In this case, the plaintiff "may meet this burden either by persuading the court directly that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." (Id.) Assuming that plaintiff had presented a prima facie case for discrimination under the NJLAD, the defendant has met its burden of presenting a legitimate nondiscriminatory reason for Mr. Redding's termination. Therefore, the burden now shifts back to

-11-

plaintiff Redding.

As stated previously, for plaintiff Redding to survive defendant's summary judgment motion, he "must point to some evidence, direct or circumstantial, from which a fact finder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." Fuentes, 32 F.3d at 764 (citing Hicks, 509 U.S. at 510-11)).  In this case, plaintiff Redding has failed to do either.

According to the Third Circuit, to discredit an employer's proffered reason, "the plaintiff cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent."  Fuentes, 32 F.3d at 765.  Furthermore, the court in Fuentes presented a difficult standard for the non-moving plaintiff:

> [He] must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence, and hence infer that the employer did not act for the asserted non-discriminatory reasons.

(Id.)  This difficult standard "arises from an inherent tension between the goal of all discrimination law and our society's

-12-

commitment to free decisionmaking by the private sector in economic affairs." <u>Ezold v. Wolf, Block, Schorr & Solis-Cohen</u>, 983 F.2d 509, 531 (3d Cir. 1992).

Plaintiff has not presented any evidence, direct or circumstantial, that would rebut the defendant's articulated legitimate reason. Furthermore, plaintiff has not presented evidence that an invidious discriminatory reason was more likely than not a motivating or determinative cause of Owens Corning's action.

Plaintiff relies on the fact that the neutral arbitrator found in Mr. Redding's favor and ordered his reinstatement. (<u>See</u> Plaintiffs' Br. at 6 ("Clearly, the result of the arbitration showed that Owens could not prove that Redding not only acted improperly from February 2 to February 7, 2002, but also he did not pose a threat to individuals in the company."). Plaintiff Redding has failed to present more than a mere scintilla of evidenced in his favor, but rather he simply relies on factually unsupported allegations. Plaintiff Redding has not presented adequate evidence to rebut defendant Owens Corning's proffered legitimate nondiscriminatory reason for his termination. For the foregoing reasons, plaintiff cannot survive defendant's motion for summary judgment as to the NJLAD discrimination claim.

-13-

**II. Count Two: Intentional Infliction of Emotional Distress**

    A.    Standard for an Action
           for Intentional Infliction
           of Emotional Distress

In order to sustain a cause of action for intentional infliction of emotional distress, a "plaintiff must establish intentional and outrageous conduct by the defendant, proximate cause, and distress that is severe." Taylor v. Metzger, 152 N.J. 490, 509 (1998) (quoting Buckley v. Trenton Sav. Fund Soc'y, 111 N.J. 355-365-67 ((1988)). "The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." (Id.) Additionally, "plaintiff must prove that the defendant acted intentionally or recklessly ... both to do the act and to produce emotional distress." (Id. at 513). To qualify as "severe emotional distress," a plaintiff must allege a "severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so." Taylor, 152 N.J. at 514 (quoting Poole v. Copland, Inc., 125 N.C. App. 235 (1997) (internal quotation marks omitted).

A court may determine, as a matter of law, whether a defendant's conduct as alleged was so outrageous and extreme that it would support a cause of action for intentional infliction of emotional distress. "Only where reasonable [persons] may differ

-14-

is it for the jury, subject to the control of the court, to determine whether the conduct alleged in this case is sufficiently extreme and outrageous to warrant liability." McConnell v. State Farm Mut. Ins. Co., 61 F. Supp. 2d 356, 363 (quoting Cautilli v. G.A.F. Corp., 531 F. Supp. 71, 74 (E.D. Pa. 1982)).

> B. The Plaintiffs have Failed to State a Cause of Action for Intentional Infliction of Emotional Distress

According to the plaintiffs, "the defendant's conduct was outrageous." (See Plaintiffs' Br. at 26). The following is a representation of the examples of the outrageous behavior alleged by the plaintiff against the defendant: (1) harassed plaintiff Redding "over an extended period of time by berating him at every opportunity," (2) "favored others" over him, (3) "disciplined him on a regular basis," (4) lied about [plaintiff Redding's] conduct," (5) "yelled, screamed at him and used profanities and racial epithets[3] and conducted racially-charged actions against him" and (6) "fired him for no reason." (See id.) Furthermore, plaintiff Redding alleges that he suffered from loss of sexual desire, loss of sleep, stress, and he "was grouchy and complained to his wife all the time." (Id.) Plaintiff Traci Parnell-Redding claims that her action for loss of consortium and

---

[3] Plaintiff Redding claims that a co-worker used a racial epithet against him. (See Plaintiffs' Br. at 2). However, there is no evidence in the record to support this claim other than the plaintiff's mere assertion.

emotional distress (Count Five) is "predicated on the tort of emotional distress visited upon her through the manner her husband was mistreated at work." (Id. at 28).

This Court finds that the claims by plaintiff Redding and plaintiff Parnell-Redding do not reach the level of extreme and outrageous conduct necessary to establish an intentional infliction of emotional distress claim. "Generally speaking, to establish a claim for intentional infliction of emotional distress, the plaintiff must establish intentional and outrageous conduct by the defendant, proximate cause, and distress that is severe." Buckley v. Trenton Saving Fund Society, 111 N.J. 355, 366 (1988). The allegations made by plaintiff Redding and plaintiff Parnell-Redding, even if true, do not rise to the level of outrageous and "no reasonable fact-finder could conclude that defendants' conduct satisfied the standard for intentional infliction of emotional distress." (Id.) Rather, the allegations, even if true, would be in the nature of not uncommon employment conflicts and do not rise to the level of extreme or outrageous conduct, as quantified in Taylor v. Metzger. For the foregoing reasons, defendants' motion for summary judgment as to Counts Two and Five of the Complaint must be sustained.

### III.  Plaintiffs' Cross-Motion to Extend Discovery

On June 14, 2005, the plaintiff filed a cross-motion to extend discovery. According to the plaintiffs, "[j]ustice and

-16-

fairness requires [sic] that discovery be extended." (See Plaintiffs' Br. at 28). Plaintiff argues that "there was an excusable delay in the conduct and completion of discovery" as a result of "a confusing situation that involved four attorneys and the Court." (Id. at 29). The crux of plaintiffs' argument is that mis-communication between attorneys regarding representation of the plaintiffs led to confusion that prevented the plaintiffs from conducting any discovery. (See id.)

While not asserting that rule specifically, the plaintiffs' motion is in the nature of a Rule 56(f) motion. According to that rule:

> Should it appear from the affidavit of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

(Id.)

Absent a showing by the plaintiff that denial of his motion to extend discovery would deprive him of crucial evidence or would result in fundamental unfairness, the Court has broad discretion in deciding whether to permit additional discovery. Habecker v. Clark Equip. Co., 942 F.2d 210, 218 (3d Cir. 1991); Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Furthermore, a party seeking to reopen discovery in

response to a summary judgment motion must demonstrate: (1) the particular information sought; (2) how the information would preclude summary judgment; and (3) why it has not previously been obtained. Pastore v. Bell Tel. Co. of Pa., 24 F.3d 508, 511 (3d Cir. 1994) (quoting Dowling v. City of Philadelphia, 855 F.2d 136, 140 (3d Cir. 1988).

For this Court to grant the plaintiffs' motion, "he must state by affidavit the reasons for his inability to do so and these reasons must be genuine and convincing to the court rather than merely colorable." Mid-South Grizzlies v. National Football League, 720 F.2d 772, 779 (3d Cir. 1983). Furthermore, the Third Circuit has stated that it "is not enough to rest upon the uncertainty which broods over all human affairs or to pose philosophic doubts regarding the conclusiveness of evidentiary facts. In the world of speculation such doubts have an honored place, but in the daily affairs of mankind and the intensely practical business of litigation they are put aside as conjectural." (Id. at 779-80).

In this case, plaintiffs have not articulated either the particular information sought or how the information would preclude summary judgment. Furthermore, the stated reason for the delay in previously obtaining the requested discovery is unpersuasive. Defendants state that "the four witnesses [counsel for plaintiffs] seeks to depose - Monday Matech, Vincent Cooke,

Thomas Masselli, and John Barone - were listed in Owens Corning's Rule 26 Disclosures that were provided to plaintiff's counsel more than 10 months ago." (Defendants' Br. at 16).

According to plaintiffs' counsel, during the time of confusion regarding who was to represent the plaintiffs, "two witnesses, Matech and Vinnie Cooke, had contacted the plaintiffs claiming to have evidence (including a recording) of the defendant's discrimination against Redding." (Plaintiffs' Br. at 12). Plaintiffs' brief further states: "the case may suffer from insufficiency of discovery since the two witnesses will not have been deposed and other discovery issues explored based on those depositions." (Plaintiffs' Br. at 29).

In the case at bar, it seems that the plaintiffs' inability to conduct discovery falls under the "uncertainty which broods over all human affairs." Mid-South Grizzlies, 720 F.2d at 779. While there was confusion regarding plaintiffs' representation, there was no confusion regarding the date when discovery would end. Nor was there confusion regarding which individuals were being made available through defendants' Rule 26 disclosures. Therefore, plaintiffs had ample opportunity to conduct adequate discovery during the appropriate period. For the foregoing reasons, the plaintiffs' cross-motion to extend discovery must fail.

**CONCLUSION**

For the foregoing reasons, defendants' motion for summary judgment as to Counts One and Two of the Complaint, brought by Mr. Redding, is granted.  Plaintiffs' cross-motion to extend discovery is denied.  All of Mr. Redding's claims having now been dismissed, Ms. Parnell-Redding's claim for loss of consortium (Count Five) has no foundation; therefore, summary judgment in the defendants' favor is entered upon that claim as well.  This action is now dismissed in its entirety.

/S/    John W. Bissell
JOHN W. BISSELL
Chief Judge
United States District Court

DATED:  August 3, 2005